UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE PAYNE<br>ARTHUR COATES,<br><br>    Plaintiffs, individually and on behalf of other<br>    similarly situated<br><br>    v.<br><br>MARRIOTT EMPLOYEES FEDERAL<br>CREDIT UNION<br><br>          Defendant | : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. 2:18-cv-04009-WB |

**DEFENDANT, MARRIOTT EMPLOYEES FEDERAL
CREDIT UNION'S MOTION TO DISMISS
PLAINTIFFS, KATHERINE PAYNE AND
ARTHUR COATES' COMPLAINT**

Defendant Marriott Employee Federal Credit Union ("MEFCU") files this Motion to
Dismiss Plaintiff's Complaint asserting a statutory cause of action for the violation the Truth in
Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") because the Complaint fails to set forth any
actual violation of TILA, and, in support thereof, avers as follows:

**I.      FACTUAL BACKGROUND**

1.      Plaintiffs instituted this action by filing a Complaint on behalf of themselves and
other potential class members for alleged violations of TILA. See Doc. 1.

2.      Plaintiffs are members of the MEFCU who have obtained "Mini-Loans" from
MEFUC in the past. Id. at ¶¶ 43-62.

3.      The Complaint alleges MEFCU's disclosures to Plaintiffs in connection with
these Mini-Loans violate TILA because the disclosed Annual Percentage Rate ("APR") was not

calculated to include a $35.00 application fee that MEFCU charges to all applicants for this Mini-Loan product. Id. at ¶ 79.

4.      Plaintiffs' allegations presuppose that the $35.00 application fee that MEFCU charges applicants for its Mini-Loans should be considered a "finance charge" under TILA.

5.      The Complaint, however, correctly acknowledges that the definition of "finance charge" under the applicable federal regulations expressly excludes "application fees." Id. at ¶ 41.

6.      Plaintiffs attempt to circumvent the definition of "finance charge" by alleging that the application fee is not a *bona fide* application fee because, "it was not related to any bona fide application service, and did not represent any reasonable sum of application expenses MEFCU actually incurred as a result of the transaction" Id. at ¶ 79.

7.      The Complaint fails to allege any facts from which the Court could infer that all applicants are not charged the $35.00 application fee, but rather that the amount of fee is not justified and is collected from approved applicants when it is deducted from the loan proceeds. Id. at ¶¶ 22, 79.

8.      The Complaint also alleges that the MEFCU disclosure violates TILA because it fails to explain that MEFCU acquires "a security interest in…share accounts, sums in share accounts, and portions of future wages." Id. at ¶ 82.

9.      Both the Mini-Loan Application and the Disclosure Statement and Loan Agreement ("Disclosure Statement") provided to Plaintiffs, which Plaintiffs failed to attach to

the Complaint, expressly state the MEFCU would acquire security interest in the borrowers'

share accounts.  See Exhibits "A" and "B" hereto.[1]

10.      Plaintiffs seek statutory damages, actual damages, and attorney fees for these

alleged "violations" of TILA.  Doc. 1, at "Prayer For Damages" ¶ (A)(2).

## II.      ARGUMENT

### a.  Plaintiffs' Complaint should be Dismissed because it Fails to set forth any Violation of TILA.

11.      Plaintiffs' argument that MEFCU violated TILA because the application fee

MEFCU charges applicants for its Mini-Loan product is not a *bona fide* application fee and

should be considered a "finance charge" subject to disclosure fails because the regulations

implementing TILA expressly provide that application fees are not to be considered "finance

charges" under TILA.  12 C.F.R. § 226.4(c)(1).

12.      Further, this Court, has previously rejected Plaintiffs' theory in Jefferies v.

Ameriquest Mortg. Co., 543 F. Supp. 2d 368, 379 (E.D. Pa. 2008) (holding application fees are

excluded from finance charges under TILA so long as they are charged to all applicants).

13.      Accordingly, Plaintiffs' claim that the application fee should have been disclosed

as a "finance charge" fails to state a violation of TILA.

14.      Likewise, the claim that MEFCU failed to disclose it would acquire a security

interest in the borrowers' share accounts also does not state a TILA violation because both the

Application and Disclosure Statement, which Plaintiffs failed to attach to the Complaint,

expressly state that MEFCU acquires such an interest in borrower accounts. See Exhibits "A"

and "B" hereto.

---

[1] Copies of the Applications executed by the named Plaintiffs as well as an exemplar copy of the Application are attached hereto as Exhibit "A."  Copies of the Disclosure Statements executed by the named Plaintiffs as well as an exemplar copy of the Disclosure Statement are attached hereto as Exhibit "B."

**b. In the Alternative, Plaintiffs' Claim for Actual Damages should be Dismissed.**

15.     Should the Court determine that the Complaint may be interpreted to allege a TILA violation, Plaintiffs' claims for actual damages should still be dismissed because the Complaint does not allege a factual basis for the recovery of actual damages as detrimental reliance is not plead in the Complaint. Vallies v. Sky Bank, 591 F.3d 152, 158 (3d Cir. 2009) (holding that in order to recover actual damages for a TILA violation, a plaintiff must plead and prove detrimental reliance).

16.     MEFCU incorporates the attached Memorandum of Law herein as though the same were full set forth at length.

WHEREFORE, Defendant Marriott Employee Federal Credit Union respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

By: _____

Andrew S. Kessler, Esquire
PA Attorney ID No. 62115
T. Justin Chapman, Esquire
PA Attorney ID No. 205598
Litchfield Cavo LLP
1515 Market Street, Ste. 1220
Philadelphia, PA  19102
T: (215) 557-0111
kessler@litchfieldcavo.com
chapmanj@litchfieldcavo.com

Attorneys for Defendant,
Marriott Employees Federal Credit Union

Date: November 7, 2018